

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-18-2002

# Trimble v. Fleetwood Homes PA

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-4170

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Trimble v. Fleetwood Homes PA" (2002). *2002 Decisions.* Paper 661.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/661

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT


No. 01 4170



HEATHER TRIMBLE

Appellant

v.

FLEETWOOD HOMES OF PENNSYLVANIA, INC.



ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE MIDDLE
DISTRICT OF PENNSYLVANIA

(Dist. Court No.  01-cv-00228)
Magistrate Judge: J. Andrew Smyser



Submitted Under Third Circuit LAR 34.1(a)
September 19, 2000

Before: SCIRICA, ALITO, and MCKEE, Circuit Judges.

(Opinion Filed:  October 18, 2002)




OPINION OF THE COURT




PER CURIAM:

        This appeal challenges a Magistrate Judge's Order granting summary
judgment for the defendant in a case alleging constructive discharge and a sexually
hostile work environment in violation of both Title VII of the Civil Rights Act of 1964
and the Pennsylvania Human Relations Act.  After a thorough analysis of the summary
judgment record, the Magistrate Judge concluded that, based on the undisputed facts, a
reasonable jury could not decide in the plaintiff's favor on either the sexually hostile work
environment or constructive discharge claim.  Our review of the Magistrate Judge's grant
of summary judgment is plenary.  See Olson v. General Elec. Astrospace, 101 F.3d 947,
951 (3d Cir. 1996).
        This Circuit has stated that a court may find that a hostile work environment
existed where the plaintiff shows: (1) the employee suffered intentional discrimination

because of sex, (2) the discrimination was pervasive and regular, (3) the discrimination detrimentally affected the plaintiff, (4) the discrimination would detrimentally affect a reasonable person of the same sex in that position, and (5) there is a basis for respondeat superior liability.  See Kunin v. Sears Roebuck & Co., 175 F.3d 289, 293 (3d Cir. 1999).  Based on the appropriate summary judgment standard, the Magistrate Judge determined that a jury could not find that the alleged discriminatory conditions of employment (1) were pervasive and regular and (2) would detrimentally affect a reasonable person of the same sex in that position.  See Id.  As these are essential elements of the plaintiff's prima facie case, the Magistrate Judge granted summary judgment for the defendant.  Although the plaintiff contests this holding on appeal, we agree with the Magistrate Judge's conclusion and therefore affirm the Order of the Magistrate Judge for essentially the reasons given in the Magistrate Judge's Memorandum.

The Magistrate Judge likewise awarded summary judgment for the defendant on the plaintiff's constructive discharge claim.  In order to establish a constructive discharge claim, a plaintiff must produce evidence sufficient to show that discriminatory conditions of employment were so intolerable that a reasonable person subject to them would have felt compelled to resign.  Konstantopoulos v. Westvaco, Corp., 112 F.3d 710, 718 (3d Cir. 1997).  The Memorandum of the Magistrate Judge stated that in this instance there is not a reasonable inference to be drawn that the conditions of employment were of such a pervasive and severe character as to result in a constructive discharge of the plaintiff.  We agree with this analysis and therefore affirm this aspect of the Magistrate Judge's Order for essentially the reasons set out in the Magistrate Judge's Memorandum.

Accordingly, we will affirm the Order of the Magistrate Judge substantially for the reasons set forth in the Magistrate Judge's Memorandum without further elaboration.